## FIELD *v.* QUEEN CITY PUNCH AND SHEAR COMPANY.

PER CURIAM. 1. "The entry of the sheriff or any officer of the court, or his deputy, may be traversed by the defendant at the first term after notice of such entry is had by him, and before pleading to the merits." Civil Code (1910), § 5566.

2. Where an action is commenced by attachment and levy upon certain property, the plaintiff may give notice in writing to the defendant of the pendency of the proceedings, "which shall be served personally on the defendant by the sheriff, his deputy, or a constable of the county to which said attachment is returnable, by giving him a copy of such notice at least ten days before final judgment on said attachment, and returning said original notice with his service entered thereon to the court in which said attachment is pending, which being done, the judgment rendered upon such attachment shall have the same force and effect as judgments rendered at common law." Civil Code (1910), § 5103.

3. Where, under the provisions of the code section last above stated, a constable of the county makes an entry of service as required, and returns the original notice with his entry thereon to the superior court in which the attachment case is pending, such entry is that of an officer of court, and can not be attacked collaterally without traversing the same at the first term after notice thereof.

4. Upon considering the facts contained in the record, there was no error in dismissing the affidavit of illegality.

5. Where it appears from the face of the affidavit of illegality, or the paper filed as an amendment thereto, that the defendant did not traverse the entry of service within the time required by law, and at the time of the trial did not seek to have the officer making such entry made a party, and the affidavit of illegality was accordingly dismissed on de-

murrer,, it was not error to refuse to reopen the case upon a motion which the movant called a motion to set aside or arrest the judgment, thereafter made, and to allow him to amend the affidavit of illegality which had previously been stricken.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

FEBRUARY 11, 1915.

Illegality of execution. Before Judge Fite. Whitfield superior court. April 11, 1913.

*J. M. Rudolph,* for plaintiff in error.

*F. K. McCutchen,* contra.